MOSHER *v.* BAY CIRCUIT JUDGE.

ATTACHMENT—PERISHABLE PROPERTY—WHAT CONSTITUTES.

    Lumber and shingles are not perishable property, within the meaning of that term as used in 2 How. Stat. § 8011, which authorizes the sale, on the order of the court or judge thereof, of "animals or perishable property" seized under a writ of attachment.

*Mandamus* by Alfred Mosher, Jr., to compel Andrew C. Maxwell, circuit judge of Bay county, to vacate an order directing a sale of lumber under attachment proceedings. Submitted November 5, 1895. Writ granted March 11, 1896.

*T. F. Shepard* (*McDonell & Hall*, of counsel), for relator.

*T. A. E. & J. C. Weadock* (*Atkinson & Wolcott*, of counsel), for respondent.

LONG, J. October 15, 1895, the First National Exchange Bank of Port Huron sued out a writ of attachment against relator from the Bay circuit court upon a debt not yet due to the amount of about $22,000, returnable November 5, 1895. The sheriff of that county seized and took into his possession, among other property, a large quantity of lumber and shingles belonging to the relator, situate in the yard of relator at West Bay City, near the Michigan Central Railroad Company's tracks

and the power house of the street-railway company.  An inventory and appraisal were made of the property, showing its value to be about $37,700.  The property attached is also covered by chattel mortgages, making the whole of the claims under the attachment and mortgages about $50,000.  Before the attachment was served on the relator, the plaintiff in that suit made an application to the circuit judge for Bay county for an order to sell the lumber and shingles so held under the attachment, on the ground that the property was perishable, within the meaning of 2 How. Stat. § 8011.  The claims set up for the order were that the property was so situate that it was liable to fire, that the insurance which had before that been carried had been canceled, and that the sheriff was unable to reinsure except for a small amount.  No notice was given the relator of this application, but on October 21st the circuit judge made an order directing the sheriff to sell.  On application here the sale was stayed until this petition for *mandamus* to set aside the order could be heard and disposed of.

The parties have been heard, and we think the order must be set aside.  The property attached is not perishable, within the meaning of the statute.  It provides that—

" When any of the property taken in attachment shall consist of animals or perishable property, the court or any judge thereof may make an order directing such property to be sold, and the money arising from such sale to be brought into court to abide the order of such court."

There is no power vested in the circuit judge or circuit court to make an order for the sale of perishable property except the power conferred by statute, and we think this not perishable property, within the meaning of the statute.

The writ must be granted as prayed.

Grant, Montgomery, and Hooker, JJ., concurred. McGrath, C. J., took no part in the decision.